Mr. Justice Thacher
delivered the opinion of the court.
This case comes up upon a motion for a new trial overruled. The facts of the case were, that the defendant in error instituted his action in the circuit court of Monroe county, against the plaintiff in error, upon his fourteen promissory notes, the aggregate amount of which was six hundred and eighty dollars. The defendant below showed upon the trial that the notes were given to secure the purchase-money of two slaves, Violet and Henry; that the plaintiff below purchased the slaves at a marshal’s sale, under an execution against one Andrew W. Hardy; that the defendant below was desirous to purchase the slaves for his daughter, who was the wife of said Hardy, but was unwilling to purchase them unless the title of the plaintiff below to the slaves was good; that finally the purchase was made by the defendant below, at the house of said Hardy, at which time the priority of lien of another judgment against Hardy was talked about and canvassed, upon which subject the plaintiff below, as well as others, expressed the opinion that the title under the marshal’s sale was paramount to the lien under consideration ; that Hardy urged the purchase by his father-in-law, promising to repay him the amount of the purchase-money, or to submit to a correspondent deduction in the distribution of his father-in-law’s property by will; that the plaintiff below gave and was willing to give to the defendant only a quitclaim title to the slaves; and that the slaves were subsequently seized and sold under the judgment which had been the subject of conversation above mentioned.
The evidence exhibits that both parties were equally cognizant of the facts relative to the title of the plaintiff below to the slaves. It is clear that the defendant below knew of the existence of another judgment against his son-in-law, and he could have made inquiry respecting the effect it might have upon the slaves. The mistake was in the legal effect of that judgment. That mistake was not occasioned by the fraud, or even instrumentality of the plaintiff below, for, on the contrary, he held out a warning to his purchaser, by declining to make other than a bare quitclaim to the slaves. The circumstances, *396 therefore, do not present anything that can fairly affect the validity of the sale, or require the court below to grant the motion for a new trial. 1 Johns. Ch. R. 512.
Judgment affirmed.